United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
John S Fleming  
      Debtor

Case No. 16-15933-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: PaulP    Page 1 of 1    Date Rcvd: Apr 05, 2018  
                Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 07, 2018.  
db          +John S Fleming,    2902 S. Felton Street,    Philadelphia, PA 19142-3410

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                              TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 07, 2018                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 4, 2018 at the address(es) listed below:  
       DAVID M. OFFEN    on behalf of Debtor John S Fleming dmo160west@gmail.com,    davidoffenecf@gmail.com  
       JOSHUA ISAAC GOLDMAN    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com,  
       bkgroup@kmllawgroup.com  
       KEVIN G. MCDONALD    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com  
       MATTEO SAMUEL WEINER    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com  
       REBECCA ANN SOLARZ    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com  
       THOMAS I. PULEO    on behalf of Creditor    MIDFIRST BANK tpuleo@kmllawgroup.com,  
       bkgroup@kmllawgroup.com  
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
       WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com  
                                                                            TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John S. Fleming | Debtor | CHAPTER 13 |
| MIDFIRST BANK | Movant | |
| vs. | | NO. 16-15933 ELF |
| John S. Fleming | Debtor | |
| William C. Miller Esq. | Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through February 2018.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2018 in the amount of $653.03, less a suspense balance of $73.33.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.



7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 21, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire

Date: 3/29/2017

David M. Offen, Esquire
Attorney for Debtor

Date: 4/2/2018

William C. Miller
Chapter 13 Trustee *without prejudice to any trustee rights or remedies

**NO OBJECTION**

ORDER

Approved by the Court this 4th day of April, 2018. However, the court retains discretion regarding entry of any further order.

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE